IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC - 8 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

ALVARO LARIOS,
PETITIONER/DEFENDANT,

versus,

UNITED STATES OF AMERICA,
RESPONDENT.

§
§
§
§   CRIM. NO. SA-06-CR-137(01)-XR
§
§   SA08 CV 0990 XR
§

## SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. §2255

Now into this Honorable Court comes Alvaro Larios, self-made petitioner, by way of propia persona representation and respectfully moves this court to grant relief pursuant to this second §2255 motion or Certify Appealability rights to allow the issue in this motion to be reviewed by a higher court.

### JURISDICTION

Pursuant to §2255 a second or successive motion bust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense: or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner relies on the latter.

### APPLICABLE AUTHORITY

WATSON v. UNITED STATES (DECEMBER 10, 2007) 169 L. ED 2d 472

## STATEMENT OF THE FACTS

On March 1, 2006 Defendant Alvaro Larios was arrested after having acquired 15 hand grenades from an undercover agent. The agent had requested payment in the for of cocaine for the hand grenades.

Petitioner was arrested and a complaint alleged Possession of a destructive device which is not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 USC 5861(d).

On May 3, 2006 Defendant Larios was indicted in a superseding indictment to the charges of Count One: Possession of a Destructive Device not registered to him in the National Firearms Registration and Transfer Record, in Violation of Title 26, U.S.C. §§5841, 5861, and §5871.

Count Two: Distribution of a controlled substance in violation of 21 U.S.C. §841(a)(1) & §841(b)(1)(C).

Count Three: Use and Possesion of a destructive device during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1).

And Count Four: Possession of a destructive device by an alien illegally in the United States in violation of 18 U.S.C. §922(g)(5)(A).

Defendant Larios plead guilty to the charge of "USE and Possession of a destructive device during and in relation to a drug trafficking crime in violation of §924(c)(1).

Defendant did not file a direct appeal...but did file a frivolous §2255 which was denied on January 3, 2008.

Petitioner now files for permission to file a second §2255 motion due to an intervening change of law which makes his offense not criminal.

**ARGUMENT**

Defendant Larios asserts that his §2255 (Filed Pro-se) had been denied by the time that the text for the opinion of Watson v. United States (December 10, 2007) 169 L. Ed 2d 472 was made available in the institution that he was housed.

Petitioner asserts that the manner and means of his conviction call into question the legality of his conviction and subsequent detention in a federal prison.

Larios asserts that in the days and months prior to the March 1st, 2006 transaction this defendant had negotiated for the purchase of some AK-47 rifles with the special agent. On one occasion this defendant met with the agent to finalize a transaction. The transaction was for three AK-47 rifles for $1,500. The exchange did not take place because a third party never showed up and the deal was postponed.

On February 28, 2006 agent Hernandez agreed to provide 15 hand grenades to the defendant in exchange for two ounces of cocaine. That was the first time that defendant Larios was faced with a request for drugs in exchange for the weapons.

After his arrest defendant Larios was informed by his attorney that he would have to plead guilty to Use of a destructive device in relation to a drug trafficking crime...and that the sentence would be a minimum of 30 years..but if Larios would proceed to trial he would get a life sentence. Larios has no criminal history.

Larios plead guilty and received a 25 year sentenced on December 8, 2006 and three years supervised release.

Defendant Larios was sent to Three Rivers F.C.I. to serve his sentence. During his stay in Three Rivers Larios filed a frivolous §2255 with the assistance of an inmate. His §2255 motion was dismissed on January 3, 2008. Defendant Larios was transferred to his current place of confinement in Texarkana F.C.I. where he found that a new Supreme Court case had come out that calls into question his conviction.

Defendant Larios made several attempts to purchase the transcripts of his guilty plea and sentencing but to no avail. Larios's wife went to the courthouse in San Antonio to try and make said arrangement but she was given some papers that

were part of the record but not the transcripts. The timeline for a claim of a Supreme Court case that should be brought within one year of the date the case was decided in the Supreme Court, therefore; defendant Larios has proceeded to bring this appeal without reviewing the sentencing transcripts or any other transcripts due to the difficulties encountered in attempting to obtain these documents.

The Supreme Court precedent that empowers this Honorable Court panel to grnat me permission to proceed with a second §2255 motion is Watson v. United States(2007) 169 L. Ed 2d 472, a case that came out of this same Circuit to be appealed to the Supreme Court and granted relief on December 10,2007.

Just as in Watson, this petitioner plead guilty, but not to a drug trafficking offense, just to the 924(c)(1) offense of Use of a destructive device during and in relation to a drug trafficking crime.

The Watson Court ruled that a narcotic for firearm trade does not constitute use of the firearm. This petitioner states the same and claims that the Supreme Court ruling in Watson places his conduct in a category of non-existent crimes.

The saving clause of §2255 applies to a claim when: (1) that claim is based upon a retroactively applicable Supreme Court decision; 20 the holding of that Supreme Court decision establishes that the prisoner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first §2255 motion. Wofford v. Scott, 177 F3d 1236 (11th Cir 1999).

Petitioner was intent on filing a §2241 motion using the saving clause as a method to have his issue entertained but believes that the issue being brought in his COA may well be the proper avenue. Petitioner is not learned in the field of law and has sought assistance from a fellow inmate to bring this claim.

Petitioner understands that the decision in Watson is retroactively applicable to cases on collateral review due to the fact that that scenario has already been

-4-

been structured in Bousley v. United States, 140 L.Ed 2d 842, where the Supreme Court stated, "It is this Court's responsibility to say what a statute means, and once the Court has spoken, it is the duty of the other courts to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant **before** as well as after the decision of the cse giving rise to the construction." Rivers v. Roadway Express Inc., 511 U.S. 298, 312-313, 128 L.Ed 2d 274, 114 S.Ct. 1510 (1994)."

"Thus in 1990 when petitioner was advised by the trial judge, by his own lawyer, and by the prosecutor that mere possession of a firearm would support a conviction under 924(c), he received critically incorrect legal advice. The fact that all his advisers acted in good-faith reliance on existing precedent does not mitigate the impact of that erroneous advise. Its consequences for the petitioner were just as severe, and just as unfair, as if the court and counsel had knowingly conspired to deceive him in order to induce him to plead guilty to a crime that he did not commit. Our cases make it perfectly clear that a guilty plea based on such misinformation is constitutionally deficient. Smith v. O'Grady, 312 U.S. 329, 334, 85 L.Ed 2d 859, 61 S. Ct. 572 (1941); Henderson v. Morgan, 426 U.S. 637, 644-645, 49 L. Ed 2d 108, 96 S.Ct. 2253 (1976). Petitioner's conviction and punishment on the §924(c) charge "are for an act that the law does not make criminal." There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under §2255 [28 U.S.C. §2255]" Davis v. United States 417 U.S. 333, 346-347, 41 L.Ed 2d 109, 94 S.Ct. 2298 (1974)." Jackson J. Concurring in Bousley v. United States 140 L. Ed 2d 842.

Petitioner/Defendant Larios asserts that his crime consisted of a drug for weapons trade as in Watson and the true crime behind the scene was actually a weapons acquisition charge until the government agent decided that he would like to get paid in "drugs" as opposed to cash. A very clear "charge manipulation"

-5-

act by the Government agent.

Defendant Larios stands upon his right to make an effective challenge to his conviction based on the Supreme Court ruling in Watson and show that the crime that he stands convicted and sentenced to is non-existent crime and an innocent man sits in federal prison with a twenty-five year sentence for conduct that has been decided to not be criminal.

Defendant Larios respectfully moves this Honorable Court to grant the relief herein..which amounts to release due to his conduct not being criminal. In the alternative I respectfully request certification to allow my argument to be heard by the Fifth Circuit!

Defendant Larios respectfully remains...

                                          Respectfully Submitted,

                                          *Alvaro Larios*
                                          Alvaro Larios
                                          U.S.M. No. 67226-180
                                          Post Office Box 7000
                                          Texarkana, Texas 75505

**CERTIFICATE OF SERVICE**

I Alvaro Larios hereby certify that a true and correct copy of this foregoing legal instrument has been mailed to opposing counsel.

12-4-08                                                         *-Alvaro Larios*
Date                                                              Alvaro Larios



RAL CORRECTIONAL INSTITUTION
RO LARIOS #67226-180
BOX 7000
RKANA, TEXAS 75505

PM DEC 4

7007 0710 0001 6159 5676

RECEIVED
DEC 0 8 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

MAIL

CLERK O[F]
U.S. DI[STRICT]
WESTERN
655 E. I
SAN ANT[ONIO]